UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MALIN INTERNATIONAL SHIP                    CIVIL ACTION
REPAIR & DRYDOCK, INC.

VERSUS                                       NO: 08-1110

M/V SEIM SWORDFISH ET AL                     SECTION: J(5)

## ORDER AND REASONS

Before the Court is Plaintiff Malin International Ship
Repair & Drydock, Inc.'s ("Malin") **Motion for Attorney's Fees**
(Rec. Doc. 82) and Defendant Veolia ES Special Services, Inc.'s
("Veolia") **Motion for New Trial and/or Motion for Amendment of
Judgment** (Rec. Doc. 84).

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This maritime contract case arose out of work that Malin
performed for Veolia on its chartered dive support vessel between
November of 2007 and January of 2008.  The work took place
pursuant to an oral agreement, and the parties did not dispute
that there was no written contract governing the work.  The work
was billed on a time and material basis, and resulted in a total
invoiced amount of $1,278,846.04 under three separate invoices.
After a trial of the matter before the Court, judgment was
entered in favor of Malin for the outstanding amount due under
the invoices, along with contractual interest and costs.  In
addition, the Court found that Malin was entitled to an award of

attorney's fees based on the terms of its invoices providing that Veolia would be responsible for a reasonable attorney fee in the event of an action for collection on the invoices. Accordingly, the Court ordered Malin to file a properly supported motion for attorney's fees after the trial.

The present motions relate to Malin's request for and entitlement to an award of attorney's fees in this matter.

<u>**THE PARTIES' ARGUMENTS**</u>

**A.   Malin's Motion for Attorney's Fees**

Malin seeks $79,837.75 in attorney's fees, as outlined in the attachments to its motion, for the prosecution of its claims in this matter. This amount covers several discreet stages of Malin's representation in this matter:

1) Paul Parish of the firm Holland & Knight in Tampa, Florida, was retained to advise Malin regarding its best course of action in early 2008 when the dispute regarding the invoices arose. Malin submits that Parrish's fees amounted to $5,035.00 (10.8 hours at $360/hour and 3.1 hours at $370/hour).

2) Scott Brownell, Malin's trial counsel in this matter, was retained by Malin during the arrest procedures and through the trial in February, 2009. Malin submits that Brownell's fees totalled $74,802.75 (298.85 hours at $195/hour and 78.7 hours at $210/hour).

Malin contends that the $79,837.75 total amount is reasonable, especially in light of the arrest procedures required in this case and the necessity of preparing for trial on two separate occasions due to conflicts in the Court's schedule. Furthermore, Malin notes that although the underlying legal issues were not overly complex, the trial required 10 witnesses and 2700 pages of exhibits, and involved disputes over a significant amount of work, not the least of which included the production of copious backup documentation.

In opposition, Veolia adopts its Motion for New Trial and/or Amendment of Judgment in its entirety, arguing that Malin's failure to present evidence of attorney's fees at trial precludes any such award (see below), and also addresses Malin's motion directly. First, Veolia argues that the "lodestar" method for calculating a reasonable attorney's fee is applied in the Fifth Circuit. Fender v. Zapata P'ship Ltd., 12 F.3d 480, 489 (5th Cir. 1994). Under this method, the lodestar fee amount is calculated by multiplying the number of compensable hours reasonably expended by a rate considered appropriate in the relevant community. Shipes v. Trinity Inds., 987 F.2d 311, 319-20 (5th Cir. 1993). However, duplicative time is not compensable. Watkins v. Fordice, 7 F. 3d 453, 457 (5th Cir. 1993).

Based on lodestar principles, Veolia argues that Parrish's
actions in Tampa were duplicative of Brownell's work in
Louisiana, especially in light of the fact that Brownell filed
all the pleadings that initiated this case.  Further, both
Brownell and Parrish have submitted time sheets that indicate
hours worked in February 2008.  Thus, Veolia argues that the
amounts claimed for Parrish's representation are duplicative and
non-compensable.  Additionally, and in the alternative, Veolia
argues that Parrish's rates are excessive in light of the
community standards for attorneys' fees in the relevant
communities in similar cases.  Specifically, Veolia argues that
Parrish's rates are excessive for a maritime lien action in
either Galveston (site of the dispute) or New Orleans (site of
the litigation).  In sum, Veolia argues that Malin has not
presented evidence as to either A) the necessity of retaining two
counsel in different locations for the same litigation or B) the
standard rate in the relevant community for the rates charged by
Parrish or Brownell.  As such, Veolia argues that the amounts
requested for Parrish's representation be denied, or in the
alternative reduced to a $200/hour rate; and that Brownell's rate
be reduced to $175/hour.

In addition, Veolia submits several specific instances of
over-billing by Mr. Brownell.  Specifically, Veolia contends that
18.05 hours recorded for preparing and filing a motion for

summary judgment was excessive.  This motion was a
straightforward motion based on three invoices and backup
documentation that had been previously submitted to Veolia.
Veolia submits that at most the reasonable time for preparing and
filing this motion would have been five hours.  In addition,
Veolia disputes any hours logged by Brownell for work post-dating
the February 13, 2009 conclusion of the trial in this matter.
Veolia contends that after a judgment in Malin's favor, no
additional work could relate to collection of the invoice amounts
originally sued upon.  At the very least, Veolia argues that
Malin is not entitled to a fee for the hours expended in
preparing Malin's present motion for attorney's fees.  As such,
Veolia argues that all 9.2 hours of post-trial work, and at the
very least the 3.9 hours recorded for preparation of the instant
motion, should be denied.

        Finally, Veolia argues that Malin's failure to cooperate in
discovery of information related to Malin's attorney's fees
should result in a reduction of any fee award.  Specifically,
Veolia notes that neither of the two corporate representatives of
Malin were able to offer any testimony on the issue of attorney's
fees at Malin's corporate deposition.  In sum, Veolia argues that
Malin's motion should be denied for its failure to present any
evidence of attorney's fees at trial, or in the alternative, its
claim for fees should be reduced to a total of $62,177.50.

In reply, Malin argues that the lodestar approach for determining a reasonable fee is not applicable in this action. See Clark v. Zapata Gulf Marine, 1992 WL 266119 (E.D. La. 1992). Rather, under Clark, this case requires an analysis of the whole amount of Malin's claim, without any "[attempts] to show what would be a hypothetically reasonable amount for each and every item. Id. at *2. Further, Malin contends that the suggested rates of its counsel are actually comparatively low in relation to the New Orleans legal community, and in fact are lower than those charged by Veolia's counsel. Finally, Malin argues that the services rendered by Parrish were necessary, as Malin's president lives in Tampa and required his counsel's advice in the early stages of this case when litigation was still uncertain. As such, Malin argues that Parrish's services were necessary, and that his rate is comparable with that of other similarly qualified attorneys in the Tampa area.

### B. Veolia's Motion for New Trial and/or to Amend the Judgment

Veolia argues that Malin cannot recover an award for attorney's fees because no evidence of attorney's fees was offered at trial, and thus because attorney's fees were an element of Malin's damages, any such award would be contrary to law. First, Veolia notes that after each of the two pre-trial conferences in this matter, the Court entered minute entries, neither of which indicated that Veolia's liability for attorney's

6

fees would be separated from any determination of the quantum of those fees. As such, Veolia requests a new trial and/or amended judgment on the issue of Malin's entitlement to attorney's fees.

Veolia argues that the Fifth Circuit's test for determining whether attorney's fees are an integral part of a plaintiff's claim considers: 1) whether fees are an element of damages; 2) whether fees were requested in the complaint or pre-trial order; and 3) whether the jury was charged on the issue of fees. <u>Holmes v. J. Ray McDermott & Co.</u>, 682 F.2d 1143, 1147 (5th Cir. 1982). As for the first factor, Veolia contends that it is undisputed that attorney's fees were an element of damages in connection with Malin's claims under the invoices. Second, Veolia points out that Malin sought attorney's fees in its complaint and in the pre-trial order. Finally, Veolia notes that the jury factor is not at issue, as this matter was tried to the Court. Based on this analysis, Veolia argues that Malin's claim for attorney's fees were an element of Malin's damages and not merely collateral to the underlying trial on the merits. Veolia further contends that the only exception to the general rule that a party's contractual claim for attorney's fees constitutes an element of damages is a claim based on a "prevailing party" provision. See, e.g., <u>Pride Hyundai, Inc. v. Chrysler Fin Co.</u>, 355 F. Supp. 2d 600, 603 (D.R.I. 2005). Only in the context of a "prevailing party" fee clause is a claim for fees collateral to the merits of

a plaintiff's claims. Veolia argues that the fee provision in the invoices on which Malin's claim is based predicates a fee award on a breach by Veolia. Thus, Veolia contends that the provision is clearly not a "prevailing party" clause, and therefore Malin's claim for fees is an element of damages that required proof at trial.

Based on the above analysis, Veolia argues that Malin's claim for fees is precluded as a matter of law under Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure. Rule 54 allows a post-trial motion for attorney's fees "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A); see also Rule 54 Advisory Committee's note to the 1993 Amendment (noting that the motion procedure provided in Rule 54(d)(2)(A) does not apply to fees recoverable as an element of damages). Under Rule 54, Veolia argues that courts have refused to award attorney's fees when fees constitute an element of damages but the party fails to provide any evidence of such fees at trial. See Kraft Foods N. Am., Inc. v. Banner Eng'g & Sales, Inc., 446 F. Supp. 2d 551, 578 (E.D. Va. 2006); Pride Hyundai, 355 F. Supp. 2d at 603. Based on these cases, Veolia argues that Malin's post-trial motion for attorney's fees is improper under Rule 54, and thus it is entitled to a new trial or amended judgment regarding the issue of Malin's right to attorney's fees.

In response, Malin initially notes that, while it opposes Veolia's request that the attorney's fee award be vacated, it is unopposed to Veolia's motion insofar as it seeks a new trial on the issue of attorney's fees, as to both quantum and the nature of those fees.

Regarding Veolia's argument that its attorney's fees were an element of damages requiring evidence at trial, Malin contends that the provision under which it seeks attorney's fees is in fact a "prevailing party" clause, which Veolia itself admits is an appropriate basis for a post-trial motion for attorney's fees under Rule 54. See Pride Hyundai, 355 F. Supp. at 600. Specifically, Malin argues that the fee provision at issue allows for recovery of a reasonable attorney's fee in the context of "all costs of collection" on the invoice. Malin submits that the phrase "costs of collection" expressly contemplates a successful prosecution of its claims on the underlying invoice, i.e. a successful outcome at trial. As such, Malin argues that its right to attorney's fees was not based on *breach* of the invoice contract, but rather on the "prevailing party" clause implicit in the "costs of collection" language of the fee provision. Furthermore, Malin notes that actual collection did not occur until its receipt of the money owed under this Court's judgment, which occurred *after* the trial. Thus, Malin argues that its fees continued to accrue for purposes of its fee provision until the

judgment was paid.

Furthermore, Malin distinguishes the main cases relied on by Veolia.  First, Malin notes that the fee provision at issue in Pride Hyundai made collection attorney's fees contingent on the "**exercise of any of [plaintiff's] rights** and remedies under" the contract.  355 F. Supp. 2d at 605 (emphasis added).  The fee provision in Malin's invoice terms, however, is not based on exercise of any rights, but rather on successful collection of the invoice amount.  Also, the Kraft case involved the plaintiff's claims for attorney's fees pursuant to a contractual indemnity provision that required the defendant to indemnify the plaintiff against any tort claims and entitled plaintiff to an attorney's fee from defendant in any such action.  Again, as with the Pride Hyundai case, Malin notes that the fee provision in Kraft depends on a pre-existing condition (i.e. a tort) for any fee entitlement, whereas the Malin fee provision depends solely on successful collection of an invoice amount (i.e. a post facto condition).

Malin further notes that although the pretrial minute entries did not specifically address the issue, Malin expressly indicated in its pretrial memorandum that if the Court found an attorney's fee award appropriate, it would submit invoices in support of such an award after the trial in accordance with any instructions from the Court.  Malin points out that Veolia was

10

fully aware of this proposed procedure, and did not object in either its own pretrial memorandum or at any time prior to or at trial. Thus, based on the language in the invoice fee provision and the presumptively unopposed request to address the issue of fees after trial, Malin asserts that it was entitled to address the fee award after trial. Malin notes that the <u>Kraft</u> decision stated that the plaintiff had requested to present fee evidence after trial, and the court nonetheless denied the post-trial fee motion. 446 F. Supp. 2d at 578. However, Malin argues that this facet of the opinion is not dispositive because the opinion does not address whether the request was made before or after the trial had commenced. Finally, Malin notes as a practical matter that the issue of its attorney's fees could not be fully addressed until the completion of the trial in this matter.

In reply, Veolia disputes Malin's characterization of the invoice fee provision as a "prevailing party" clause. Specifically, Veolia argues that a "prevailing party" clause is one that allows *either the defendant or the plaintiff* who prevails to seek a fee award after trial. Further, Veolia notes that a provision entitling a single party to an award for attorney's fees after collection of payments owed is not a "prevailing party" provision. <u>Lynch v. Sease</u>, 2006 WL 1206472, *4 (E.D. Ky. May 2, 2006). In addition, Veolia argues that Malin's characterization of the fee provision in its invoices

11

would convert *any* fee provision into a "prevailing party" provision.  Finally, Veolia asserts that Malin cannot bootstrap its desire to present *quantum* evidence regarding its fees onto Veolia's motion for a new trial regarding Malin's *right* to such fees.

## DISCUSSION

### A.   Malin's Motion for Attorney's Fees

#### 1)   Proper Analysis of Fee Award in Maritime Contract Case

As an initial matter, Malin and Veolia disagree regarding what standard should apply to Malin's motion for attorney's fees – a holistic "reasonability" approach that broadly considers the total amount requested by the movant, or the lodestar method typically utilized in the Fifth Circuit.

The Fifth Circuit adheres to the "lodestar" method for calculating reasonable attorneys' fees.  See La. Power & Light Co. v. Kellstrom, 50 F.3d 319 (5th Cir. 1995); Skidmore Energy, Inc. v. KPMG, 455 F.3d 564 (5th Cir. 2006).  This method requires the district court to "determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating lawyers" based on "contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours."  Kellstrom, 50 F.3d at 324.  "A lodestar is calculated by

multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." Heidtman v. County of El Paso, 171 F.3d 1038, 1043 (5th Cir.1999). The lodestar is presumed to be the reasonable fee, but it may be adjusted after considerations of the factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989). Gonzalez v. Associates Health & Welfare Plan, 2002 WL 31933208, 1 (5th Cir. 2002). The Johnson factors are: (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-719. However, the United States Supreme Court has stated that three of the Johnson factors, i.e., the complexity of the issues, the results obtained and the preclusion of other employment, are fully reflected and subsumed in the lodestar amount. Id. (citing Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 565 (1986)). The Supreme Court has also "barred any use of the sixth factor," i.e., whether the fee is

13

fixed or contingent. <u>Walker v. United States Dep't of Housing &</u>
<u>Urban Dev.</u>, 99 F.3d 761, 772 (5th Cir.1996) (citing <u>City of</u>
<u>Burlington v. Daque</u>, 505 U.S. 557, 567 (1992). Furthermore, "the
Fifth Circuit has singled out four of the factors as most
important: (1) the time and labor involved; (2) the customary
fee; (3) the amount involved and the results obtained; and (4)
the experience, reputation, and ability of counsel." <u>Dinet v.</u>
<u>Hydril Co.</u>, 2006 WL 3904991, 6 (E.D.La.) (E.D. La. 2006) (citing
<u>Migis v. Pearle Vision, Inc.</u>, 135 F.3d 1041, 1047 (5th
Cir.1998)).

A court may adjust the lodestar amount upward or downward
after consideration of these factors. <u>Shipes v. Trinity Indus.</u>,
987 F.2d 311, 320 (5th Cir.1993). Because the trial judge is in
the best position to grasp the scope and complexity of the
litigation, a district court has broad discretion to determine
reasonable attorney's fees. <u>Hensley v. Eckerhart</u>, 461 U.S. 424,
436-37 (1983). Although the party seeking attorney's fees bears
the initial burden of submitting adequate documentation of the
hours reasonably expended and of the attorney's qualifications
and skill, the party seeking reduction of the lodestar bears the
burden of showing that a reduction is warranted. <u>Hensley v.</u>
<u>Eckerhart</u>, 461 U.S. 424, 433 (1983); <u>Wegner v. Standard Ins. Co.</u>,
129 F.3d 814, 822 (5th Cir.1997); <u>Kellstrom</u>, 50 F.3d at 329.

The Supreme Court has stated that it is important for courts applying the lodestar analysis to "provide a concise but clear explanation of its reasons for the fee award." Hensley, 461 U.S. at 437. However, "this does not require that the trial court's findings ... be so excruciatingly explicit in this area of minutiae that decisions of fee awards consume more paper than did the cases from which they arose." F.T.C. v. National Business Consultants, Inc., 2008 WL 5068620, *2 (5ᵗʰ Cir. Dec. 1, 2008) (internal quotation omitted). Indeed, the Fifth Circuit will not "reverse summarily a district court finding which omits discussion of one of the Johnson factors so long as the record clearly indicates that the district court has utilized the Johnson framework as the basis of its analysis." Id.

## 2) Malin's Argument for Application of the Clark Approach

Malin cites to a 1992 Magistrate Judge's opinion, which itself relied on a 1975 Fifth Circuit decision, for the proposition that "[i]n a situation involving a maritime contract and a contractual right to indemnity . . . the court does not possess the same discretion to deny attorney's fees that it has when fashioning equitable remedies or applying a statute allowing the discretionary award of such fees." Clark v. Zapata Gulf Marine Corp., 1992 WL 266119, *1 (E.D. La. Sept. 25, 1992). As such, according to Malin and the Clark decision, a lodestar analysis is not appropriate in a maritime contract case, and does

15

not require a specific reasonableness inquiry under the <u>Johnson</u>
factors. <u>Id</u>. Rather, the court need only "examine the claimed
attorneys' fees and costs for reasonableness and may award the
full amount of the claim, if not unreasonable, or may reduce the
award." <u>Id</u>. Regardless, the <u>Clark</u> court recognized that even in
the face of a contractual attorney's fee provision, a court
sitting in admiralty has the inherent authority to "reduce the
contractually claimed attorney's fees if it finds the award would
be inequitable and unreasonable." <u>General Electric Credit Corp.</u>
<u>v. Oil Screw Triton, VI</u>, 712 F.2d 991 (1983),

As a practical matter, there is apparently little difference
between the approach proposed by Malin under <u>Clark</u> and the
lodestar method applied generally in the Fifth Circuit. Both
methods for awarding a reasonable attorney's fee hinge on the
determination of a reasonable fee and the adjustment of any
requested fee to a reasonable amount. While the <u>Clark</u> method
eschews the specific <u>Johnson</u> factors in favor of a broad
reasonableness analysis, this approach seems to hide the ball by
acknowledging the court's right to adjust a fee for
reasonableness, but without stating any discreet factors for such
an adjustment. As such, the <u>Clark</u> approach is actually less
transparent than the lodestar approach. In addition, and
although Malin contends that the lodestar approach is appropriate
only in the context of non-contractual discretionary attorney's

fee awards provided by statute, the Fifth Circuit has expressly held that even when fees are provided by contract, a court "may nevertheless [] reduce the contractual attorney's fees claimed if it finds such an award would be inequitable and unreasonable." See, e.g., <u>Oil Screw Triton, VI</u>, 712 F.2d at 995; <u>Cable Marine v. M/V Trust</u>, 632 F.2d 1344, 1345 (5th Cir. 1980).  Thus, although the Fifth Circuit has not expressly adopted the lodestar approach in the maritime context, the court nonetheless has recognized the discretion of a maritime court to adjust a contract-based fee award for reasonability.  In addition, other federal courts have approved the lodestar approach for fee awards arising from maritime contracts.  See, e.g., <u>Natco Ltd. P'ship v. Moran Towing of Fla., Inc.</u>, 267 F.3d 1190, 1196 (11th Cir. 2001); <u>Cortes Molina v. TL Dallas (Special Risks) Ltd.</u>, 547 F. Supp. 2d 102, 115 (D. Puerto Rico 2008).  Based on these cases, the Court finds that the lodestar approach, and not the broad reasonability analysis espoused in <u>Clark</u>, is the appropriate basis for review of the fee request in this case.

### 3)    **The Lodestar and <u>Johnson</u> Factors in this Case**

The lodestar amount in this case requires a determination of the hours reasonably expended, as well as an appropriate hourly rate in the communities in which both Brownell and Parrish work. Accordingly, Malin has provided detailed billing records for the hours expended by its attorneys in this litigation. The Court

finds that the hours billed by Malin's attorneys in the
prosecution of this matter are reasonable as evidenced by the
billing records attached to its post-trial motion for fees.
Additionally, the Court finds that the hourly rates charged by
Brownell and Parrish are reasonable as a matter of geographical
comparison for the work performed.  Therefore, the Court finds
that the $79,837.75 amount requested in Malin's motion
constitutes the reasonable lodestar amount in this case.
Finally, the Court finds no reason under the applicable <u>Johnson</u>
factors to adjust the lodestar amount.  In fact, the "amount
involved and results obtained" factor under <u>Johnson</u> supports this
relatively modest award of fees in comparison with the $1.2
million total amount of the outstanding claim at the outset of
this case.  Accordingly, the Court finds that Malin is entitled
to an award of attorney's fee in the amount of $79,837.75.
However, the Court must also address Veolia's motion for new
trial and/or to amend the Court's prior judgment that Malin is
entitled to a fee award.

**B.    Veolia's Motion for New Trial and/or to Amend Judgment**

**1)    Rule 59 Standard**

Rule 59 allows a court after a bench trial to grant a new
trial on some or all issues "for any reason for which a rehearing
has heretofore been granted in a suit in equity in federal
court."  Fed. R. Ci. P. R. 59(a)(1)(B).  In addition, "[a]fter a

nonjury trial, the court may . . . open the judgment if one has
been entered, take additional testimony, amend findings of fact
and conclusions of law or make new ones, and direct the entry of
a new judgment." Id. at R. 59(a)(2).  A motion for new trial
under Rule 59(a) should be based upon a manifest error of law or
mistake of fact.  See <u>Miller v. Constar Plastics</u>, 2000 WL
1745005, *1 (E.D. La.)<u>; Theriot v. Parish of Jefferson</u>, 966 F.
Supp. 1435, 1452 (E.D. La.1997). Under that standard, a judgment
should not be set aside except for substantial reasons. <u>Miller</u>,
2000 WL 1745005, *1 (citing 11 Charles Wright, Arthur Miller &
Mary Kane, Federal Practice and Procedure, § 2804).  Moreover,
"[c]ourts do not grant new trials unless it is reasonably clear
that prejudicial error has crept into the record or that
substantial justice has not been done, and the burden of showing
harmful error rests on the party seeking new trial."  <u>Sibley v.
Lemarie</u>, 184 F.3d 481, 487 (5th Cir.1999), cert. denied, 529 U.S.
1019 (2000).

### 2)  Rule 54(d)(2)(A)

Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure
provides that "[a] claim for attorney's fees and related
nontaxable expenses must be made by motion **unless the substantive
law requires those fees to be proved at trial as an element of
damages**."  Fed. R. Civ. P. R. 54(d)(2)(A).  The Advisory
Committee's note to the 1993 amendments to Rule 54 expand on this

provision:

> [Rule 54(d)(2)(A) does not], however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract; such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury.

Id.[1] at Advisory Committee's note. In distinguishing between attorney's fees that are recoverable by motion, and those that are only recoverable as an element of damages, "courts have differentiated between claims for attorney's fees based on 'prevailing party' contractual provisions and claims for attorney's fees based on other types of contractual provisions." Rockland Trust Co. v. Computer Associated Intern., Inc., 2008 WL 3824791, *5 (D. Mass. Aug. 1, 2008). "Prevailing party" provisions "generally state that when a dispute over the contract arises the party who loses in litigation must pay the legal fees of the party who prevails in litigation." Id. On the other hand, "when a party seeks attorney's fees stemming from a breach of contract, courts have found the issue of attorney's fees to be an element of damages." Id. In sum:

---

[1] The Court points out that while the Advisory Committee's note does indicate that fees recoverable as an element of damages may not be appropriately sought by post-trial motion, it does so *in the context of a jury trial*. See Fed. R. Civ. P. R. 54(d)(2)(A) (noting that a claim for attorney's fees as an element of damages "may involve issues to be resolved by a jury"). Thus, the relevance of the Advisory Committee's note in the context of a non-jury trial such as the one in this case is questionable.

20

> When a party seeks attorney's fees pursuant to a
> prevailing party provision, the condition precedent to
> recovery is the successful litigation of a claim.
> Conversely, when a party seeks attorney's fees as a
> result of a breach the condition precedent to recovering
> legal costs is a breach of contract by [a party].

Id. (internal citations and quotations omitted).  Veolia relies

on this distinction and the cases applying this distinction in

support of its motion for new trial and/or an amended judgment.

### 3)   The Facts of this Case

Veolia relies on the <u>Pride Hyundai</u>, <u>Kraft</u>, and <u>Sease</u> cases

in support of its motion, arguing that Malin failed to produce

any evidence regarding attorney's fees, which constituted an

element of its damages under the invoice contract.  As such,

Veolia argues that Malin's post-trial motion for fees is barred

by Rule 54.

As an initial matter, the <u>Sease</u> case is distinguishable

because that case involved a jury trial at which the party

seeking fees did not present any evidence of attorney's fees.

2006 WL 1206472 at *4.

<u>Pryde Hyundai</u> involved a claim for attorney's fees pursuant

to a security and master credit agreement between the plaintiff

and the defendant.  The agreements included a provision requiring

the plaintiff to pay all expenses, including reasonable

attorney's fees, "in connection with [defendant's] exercise of

any of its rights and remedies" under the agreements.  355 F.

Supp. 2d at 603-04.  After a bench trial resulted in a judgment
in favor of the defendant, defendant sought to recover its
attorney's fees under the above-quoted provision via post-trial
motion.  Id. at 605.  The Pride Hyundai court held that the
defendant was not entitled to an attorney's fee because it had
not presented any evidence of its *entitlement* to such a fee under
the agreements during the trial of the matter.  Id.  The court
found that the fee provision was ambiguous with respect to
whether any actions of the plaintiff were sufficient to trigger
the defendant's right to attorney's fees, and thus the lack of
evidence on that issue precluded any fee award.  Id  The court
also noted that the fee provision was not a "prevailing party"
type, which would allow for a post-trial determination of a
reasonable fee.  Id. at 606.  Finally, the Pride Hyundai court
noted that it had not "set forth special procedures for
determination of the attorneys' fees issue."  Id.

     Unlike the situation in Pride Hyundai, Malin did present
evidence on the issue of its entitlement to attorney's fees under
the provisions of the invoices.  Specifically, Malin presented
testimony and exhibits that showed that every invoice it sent to
Veolia, including both the paid and disputed invoices, included
the same provision regarding Malin's right to a reasonable
attorney's fee as part of the costs of collection of the invoice
amount.  Based on this evidence, the Court found that Malin was

22

*entitled* to a reasonable attorney's fee award and ordered Malin
to submit a properly supported post-trial motion regarding
*quantum*.  Thus, unlike in <u>Pride Hyundai</u>, Malin did present
evidence of its right to a fee award, even if it did not present
quantum evidence.  Furthermore, there was no ambiguity issue with
the fee provision in Malin's invoices as there was in the <u>Pride
Hyundai</u> agreements, as evidenced by the Court's judgment finding
that Malin was entitled to a reasonable fee.  Finally, and
regardless of whether Malin's fee provision was or was not a
prevailing party provision, this Court *did set forth special
procedures* for determination of the attorney's fee issue before
trial.  Specifically, although neither of the minute entries from
the two pre-trial conferences in this case specifically addressed
the issue, counsel for both Malin and Veolia were advised by the
Court before trial that the issue of attorney's fees would be
decided by a post-trial motion *if and when* the court determined
Malin's right to any such fee at trial.  Thus, the <u>Pride Hyundai</u>
case is distinguishable from this case, most prominently in that
the Court did provide a special procedure regarding attorney's
fees.

Likewise, the <u>Kraft</u> case is also distinguishable.  <u>Kraft</u> was
a products liability case arising out of the installation of
faulty heating pipes for low trans fat oils in a commercial
bakery.  446 F. Supp. 2d at 555.  The case was tried to the court

and resulted in a judgment for the plaintiff. Id. at 579.
Plaintiff sought attorney's fees pursuant to an indemnification
provision in the purchase order for the pipes and installation.
Id. at 576-77. The provision required defendant to indemnify
plaintiff against all damages, claims, liabilities, and expenses,
including attorney's fees, resulting from defects in the pipes.
Id. The Kraft court found that the indemnity provision entitled
plaintiff to attorney's fees, but refused to make an award based
on plaintiff's failure to present any evidence of its fees at
trial. Id. The court determined that the fee provision was not
a "prevailing party" provision, and thus attorney's fees were an
element of damages that had to be proven at trial. Id. The
Court noted that plaintiff asked for permission to prove its
attorney's fees by post-trial proceedings, but nonetheless had
chosen not to offer proof of such fees at trial. Id.

Unlike Kraft, this case does not involve a broad-based
indemnity provision that includes attorney's fees as a cost of
indemnification. Malin's invoice provision merely provides for a
reasonable attorney's fee as a cost of collection of its invoiced
amount. Thus, unlike an indemnity provision that requires broad-
based liability on the part of the indemnitor for a wide-range of
claims, Malin's invoice merely requires a reasonable attorney's
fee in connection with collection of the invoice amount.
Furthermore, while the Kraft court noted that plaintiff requested

24

a post-trial determination as to fees, the context of the court's statement suggests that the request was not made until during the trial or after the trial was complete. See <u>Kraft</u>, 446 F. Supp. 2d at 578 ("Instead, [plaintiff] **has asked** permission to prove its attorney's fees if the Court should determine that it is entitled to them." (emphasis added)). Malin, however, sought *and was granted* permission by this Court *prior to trial* to prove its right to fees at trial, and follow any judgment regarding that right with a post-trial motion as to quantum. Thus, the <u>Kraft</u> case is inapposite, and does not preclude Malin's post-trial motion for fees.

As noted above, the parties in this matter were both informed *prior to trial* that the issue of Malin's *right* to fees would be determined at trial, with any issue of *quantum* to be determined by post-trial motion. Thus, the parties were well aware of the potential for a post-trial attorney's fee motion, and should not have been surprised or prejudiced when the Court issued its ruling. It is disingenuous for Veolia to attempt to avoid its liability for Malin's fees based on a technicality, especially when it was well aware that the fee issue would be determined in part at trial and in part by post-trial motion. Furthermore, to the extent that Veolia anticipated that these legal issues might arise, it had the opportunity to file a pre-trial memoranda of law, as allowed by both the Court's minute

entries from the two pre-trial conferences, to advise the Court of these issues ahead of trial. In fact, this matter was set for trial *twice*, with a period of roughly three months between settings. This provided Veolia with more than enough time to address these issues to the court by pre-trial memoranda or otherwise. To boot, Malin itself *specifically addressed* its intention to seek fees post-trial in its own pre-trial memorandum, and Veolia *still* did not address the issue prior to trial. Furthermore, Veolia clearly was concerned with these issues as evidenced by its pre-trial communications with the Court on the attorney's fee issue. Finally, and as a practical matter, Malin was *continuing to incur attorney's fees* all the way up to the completion of the bench trial in this case. Thus, it would have been impossible for Malin to present at trial any complete body of evidence on its attorney's fees because those fees were continuing to accrue during the trial.

Furthermore, it is this Court's customary (and sensible) practice of resolving merits issues before addressing claims for attorney's fees, as the parties were well-informed. In addition, and as noted above, the parties knew *before* trial that the issue of attorney's fees would be handled at least in part by post-trial motion.

In sum, the Court finds that Malin has proven its entitlement to a fee award in the amount of $79,837.75. Further,

Veolia's request for a new trial and/or amended judgment is unavailing based on the discussion above. Accordingly,

**IT IS ORDERED** that Malin's **Motion for Attorney's Fees** (Rec. Doc. 82) is hereby **GRANTED**. Malin is hereby awarded $79,837.75 as a reasonable attorney's fee for the prosecution of this matter.

**IT IS FURTHER ORDERED** that Veolia's **Motion for New Trial and/or Motion for Amendment of Judgment** (Rec. Doc. 84) is hereby **DENIED**.

New Orleans, Louisiana, this 13th day of April, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE